UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TORRY MILLER, | ) |
|     Petitioner, | ) |
| vs. | ) No. 4:10-CV-107 (CEJ) |
| LARRY DENNEY, | ) |
|     Respondent. | ) |

**MEMORANDUM**

This matter is before the Court on the petition of Torry Miller for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

I.   Procedural History

Petitioner was charged in the Circuit Court of the City of St. Louis, Missouri with one count of first degree assault of a law enforcement officer and one count of armed criminal action. His first trial ended in a hung jury. Resp. Ex. C at 34. On June 15, 2006, a second jury found petitioner guilty of both counts. Resp. Ex. I at 3. On July 28, 2006, petitioner was sentenced to two consecutive life sentences. Id.

On direct appeal, the Missouri Court of Appeals affirmed petitioner's conviction and sentence in a per curium order issued on November 16, 2007. State v. Miller, 238 S.W.3d 745 (Mo. App. E.D. 2007) (Resp. Ex. F). Along with its opinion, the appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Resp. Ex. E.

On February 4, 2008, petitioner filed a motion for post-conviction relief under Missouri Rule 29.15. Resp. Ex. I at 3-12. The trial court denied petitioner's request

for an evidentiary hearing and denied his post-conviction motion on July 18, 2008. Id. at 65-73. The Missouri Court of Appeals summarily affirmed the denial of post-conviction relief in a per curium opinion issued on May 26, 2009. Miller v. State, 283 S.W.3d 312 (Mo. App. E.D. 2009) (Resp. Ex. J). The appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Resp. Ex. I at 2.

In the instant § 2254 petition, petitioner asserts five grounds for relief: (1) the trial court erred in prohibiting him from mentioning the prior trial during cross-examination of the State's witnesses; (2) the trial court erred in overruling his objection to testimony concerning his drug use; (3) appellate counsel was ineffective for failing to raise a Batson claim on direct appeal; (4) trial counsel was ineffective for not allowing him to testify at trial; and (5) trial counsel was ineffective for failing to object when the prosecutor used the term "cop killer" during closing argument.

## II.   Background

The evidence at trial established that on November 7, 2002 Officers Robert Miller and Christopher True attempted to apprehend petitioner and a second individual. While Officer Miller was in his patrol vehicle, petitioner brandished an assault rifle and opened fire. Officer Miller suffered multiple gunshot wounds. While in the hospital, Officer Miller saw petitioner's photograph on television and identified him as the shooter.

On the evening of the incident, petitioner met with Andrew Evans, a drug dealer, to obtain heroin. Petitioner told Evans that he had had an "altercation with some police officers" and that he shot at an officer multiple times, which "really ripped him [the officer] apart." Two or three days after the shooting, petitioner admitted to his acquaintance, Robert Maul, that he had recently shot a police officer, but was unaware

that he had made impact until he saw the news. Petitioner was apprehended on November 13, 2002. Authorities found the assault rifle used in the shooting at the location where petitioner was apprehended.

### III.  Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005).  "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)).  "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief."  Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362,

-3-

405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406.  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

IV. Discussion

   A. Ground One

Petitioner claims that the trial court erred in prohibiting him from referring to his first trial during cross examination of the State's witnesses. Petitioner argues that this deprived him of his right to present a complete defense because it rendered him unable to impeach the credibility of witnesses whose testimony was materially different from that given at the first trial and to call into question the credibility of witnesses who received a benefit from the State for testifying in the second trial.

The record reflects that during defense counsel's cross-examination of Officer Miller, the trial judge sua sponte ordered that references to the prior trial would be no longer be permitted. The court reasoned:

> I think the fact that there was a previous trial is completely irrelevant. I

-4-

> think it risks injecting into the jury's deliberations some notion that a previous jury could not agree, and I think that it's -- I think it represents a serious risk to the integrity of this jury. Moreover, I think it's completely irrelevant.

However, the court made clear that the parties could still discuss the content of the prior testimony as long as the first trial was referred to as a "prior proceeding" or "other occasion." (Trial Tr. 251-252).

"[T]rial judges retain wide latitude . . . to impose reasonable limits on [] cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). The trial judge's limitation in this case was reasonable.  The court's prohibition against referring to the previous trial as a "trial" did not in any way restrict defense counsel's ability to identify and highlight inconsistencies in the testimony given at the first and second trials and to challenge the credibility of the witnesses.  The fact that there had been an earlier trial was irrelevant to the issues the jury had to decide in the second trial and knowledge of the earlier trial would not have aided the second jury in deciding the case.  Additionally, the judge had a legitimate concern about whether the second jury's deliberations would be negatively affected if it knew that a prior jury was unable to reach a verdict.  Lastly, the jury was likely aware of the first trial because it was referred to prior to the court's prohibition. Under these circumstances, the trial court's limitation was not overbroad.

### B.  Ground Two

Petitioner's second ground is that the trial court erred when it overruled defense counsel's objections to the admission of testimony concerning his heroin use. Petitioner

specifically contends that the evidence of his drug use was an irrelevant uncharged crime or bad act that was used inappropriately to convince the jury that he was guilty of both counts.

"Generally, evidence of uncharged crimes, wrongs, or acts is inadmissible for the purpose of showing the defendant's propensity to commit such crimes." State v. Johnson, 207 S.W.3d 24, 42 (Mo. 2006) (citing State v. Morrow, 968 S.W.2d 100, 107). However, an exception will apply if the evidence is logically relevant and its probative value does not outweigh its prejudicial effect. Id. This exception is recognized so that uncharged crimes, which play a role in the circumstances or sequence of events surrounding the offense charged, can be presented to the jury for the purpose of providing a complete and coherent picture. "Errors in admitting evidence require reversal only when prejudicial to the point that they are outcome determinative" in that the "jury would have acquitted but for the erroneously admitted evidence." Id. (citing State v. Black, 50 S.W.3d 778, 786 (Mo. 2001)).

Here, both Andrew Evans and Robert Maul testified that petitioner confessed to shooting at Officer Miller. However, in the course of their testimony, both witnesses affirmatively stated that petitioner was a drug user. Evans testified that he was supplying petitioner with "his [heroin] needs" when petitioner told him about an "altercation" he had had with some police officers. Maul testified that he was "getting high" with petitioner when they saw a news report of the shooting, which prompted petitioner to comment that he did not know he had actually hit the officer. The Court finds these statements to be relevant in that they explain the context of the confessions thereby providing a complete picture to the jury. Further, nothing in the record reflects that the statements regarding petitioner's drug use were admitted to

show his propensity to commit the charged crimes. The relevancy of the evidence outweighed any potential prejudice.

Furthermore, even if the admission of the testimony concerning petitioner's drug use was error, it was not outcome-determinative. A state court's evidentiary ruling can be reversed only if petitioner shows that the alleged error fatally infected the proceedings in that the verdict would have been different absent the erroneously admitted evidence. Petitioner has simply failed to meet this burden. See id.; Harris v. Bowersox, 184 F.3d 744, 752 (8th Cir. 1999); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Regardless of whether the jurors were aware of the context of the relationship between petitioner and Evans and Maul, the witnesses would have still testified to the admissions petitioner made to them about the shooting.

### C. Ground Three

Petitioner's third ground is that appellate counsel was ineffective for failing to raise a Batson claim on direct appeal. Batson v. Kentucky, 476 U.S. 79 (1986). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must first show that his attorney's performance fell below an objective standard of reasonableness and second that the deficient performance prejudiced the defense. Strickland v. Washington, 446 U.S. 668, 687 (1984). To be prejudiced under the Strickland standard, the petitioner must demonstrate that counsel's error was so serious that the reliability of the trial court's verdict should be questioned. See id.

Petitioner's ineffective assistance claim is based on his attorney's failure to challenge on direct appeal the prosecution's use of peremptory strikes. See Batson (a defendant can establish an equal protection violation when peremptory challenges are used to remove veniremen because of race). Petitioner argues that six veniremen, Mr.

Pettis, Ms. Hamilton, Ms. Robertson, Ms. Bryant, Ms. Evans, and Ms. Woodland, were improperly stricken by the state because they were African-American and that the race-neutral reasons given for the strikes were pretext for racial discrimination.

Petitioner's counsel did assert a Batson claim at trial, but it was denied without a hearing. On direct appeal counsel raised three unrelated substantive claims, but did not raise the Batson issue. When an attorney brings claims on direct appeal and a petitioner argues that an additional claim should have been raised, the petitioner must prove that "the alleged error was so obvious that a competent and effective lawyer would have recognized and asserted it" and that there was a reasonable probability the appeals decision would have been different. Taylor v. State, 262 S.W.3d 231, 252 (Mo. 2008) (quoting Williams v. State, 168 S.W.3d 433, 44 (Mo. 2005)); see also Link v. Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006).

Here, the petitioner fails to show that there was a reasonable probability that the result of the proceeding would have been different. A Batson objection requires a three-step process: (1) the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race; (2) if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question; and (3) the court must determine whether the defendant has carried his burden of proving purposeful discrimination. Batson, 476 U.S. at 96-98.

In this case, the reasons given by the prosecutor were legitimate and race-neutral. Mr. Pettis had a criminal record, which he failed to disclose, and he was employed as a drug counselor; Ms. Hamilton had a brother who was convicted of murder and a fiancee who was killed by an individual who was never convicted due to

lack of evidence; Ms. Robertson had prior and pending criminal charges against her and she expressed her dissatisfaction with the treatment she received from the police and prosecutor in an order of protection matter; Ms. Bryant had a stepfather who was incarcerated in the same detention facility as petitioner and whose case was scheduled for trial the following week; Ms. Evans had a brother who had been incarcerated for the past five months and she expressed hostility to the prosecutor during questioning; and Ms. Woodland also had a brother incarcerated in the same detention facility as petitioner.

Petitioner's arguments fail to demonstrate that the prosecutor's reasons were pretextual. Petitioner unpersuasively argues that three similarly situated white venirepersons were not stricken. One of the three individuals identified by petitioner was black. The second individual did not have a relative in prison and did not exhibit any hostility to the prosecution or the justice system. The third individual was cited for an offense but was not arrested. Thus, the two white venirepersons were not similarly situated to any of the six black venirepersons in question.

Accordingly, the Court finds that even if appellate counsel had raised the Batson issue on direct appeal the outcome of the appeal would not have been different.

### D. Ground Four

In his fourth ground, petitioner asserts that trial counsel was ineffective for failing to call him to testify at trial in his defense. Petitioner alleges that he notified trial counsel that he wished to testify. The right to testify may be waived only by the defendant, and to be valid the waiver must be voluntary, knowing, and intelligent. See Miller v. Dormite, 310 F.3d 600, 603 (8th Cir. 2002).

Having reviewed the record, the Court cannot say that the appellate court

misconstrued the facts or misapplied federal law in determining that plaintiff voluntarily waived his right to testify.  The trial judge specifically asked petitioner whether he understood that he had the right to testify and that it was his own decision, not that of his attorneys, to exercise that right. Petitioner answered that he understood and did not express any desire to testify. (Trial Tr. 641-642).  At the sentencing hearing, petitioner was asked whether his lawyers had done or said anything he disagreed with at trial, whether he felt that all the evidence was presented at trial, and whether he had any reasons to think that his lawyers did not do an adequate job.  Petitioner's answers reflected his satisfaction with his attorneys and the evidence presented. (Supp. Trial. Tr. 14). These answers reflect that petitioner did, in fact, voluntarily waive his right to testify and petitioner has failed to provide any evidence to the contrary.

### E. Ground Five

In his fifth ground, petitioner asserts that trial counsel was ineffective for failing to object to the prosecutor's use of the term "cop killer" during the closing argument. The prosecutor used the term in the following context:

> And Robert Miller has no motive to lie. There is absolutely no reason for Robert Miller to come in here and tell you that the defendant shot him if that's not the man who shot him. If he were to do that, not only would there still be a cop killer on the street, but the person who tried to take his life would also be walking the streets.

The Court finds that the state court properly determined that petitioner failed to meet the Strickland requirements. First, petitioner did not prove that his attorney's performance fell below an objective standard of reasonableness. See Strickland, 446 U.S. at 687. When a criminal defendant alleges ineffective assistance of counsel specifically for failing to object during closing argument, petitioner must show that his counsel's objections would have been upheld if made and that the failure to object

-10-

resulted in a substantial deprivation of his right to a fair trial. Glass v. State, 227 S.W.3d 463, 473 (Mo. 2007). Counsel is not ineffective for failing to make non-meritorious objections. Glass, 227 S.W.3d at 473. Further, counsel's failure to object during closing argument is generally not error, but is a function of trial strategy. Id.

In the instant case, the prosecutor did not refer to petitioner as a "cop killer." Instead, the term was used in an attempt to bolster the witness's identification of petitioner as the shooter.  Also, because the evidence showed that the victim, a police officer, was shot multiple times at close range, it was not unreasonable to use the term "cop killer" to describe the perpetrator. Therefore, even if counsel had objected, such an objection would have likely been overruled. Holloway v. United States, 960 F.2d 1348. 1356 (8th Cir. 1982) (no prejudice where counsel fails to raise a non-meritorious issue).

Additionally, even if it could be found that counsel's failure to object was unreasonable, petitioner has not shown that the outcome of his trial would have been different. Strickland, 446 U.S. at 687; Crespo v. Armontrout, 818 F.2d 684, 687 (8th Cir. 1987) (in a challenge to counsel's failure to object a petitioner must show that absent the prosecutor's statement, there is a reasonable probability that the jury would have rendered a different verdict).

IV.   Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings.  28 U.S.C. § 2254(d).  Because petitioner has failed to make

a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A separate judgment in accordance with this Memorandum will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2013.